### ADAH R. ADDISON v. HESS Y. ADDISON.

**Divorce—Grounds for—Five Years' Separation.**

> Five years' separation without cohabitation and the failure of the husband in that time to provide or attempt to provide a home for his family leave no doubt that he has, at any time since the separation, in good faith contemplated the resumption of his marital relations with his wife.
>
> Held, that these facts make out a statutory ground of divorce.

**APPEAL FROM LOUISVILLE CHANCERY COURT.**

September 21, 1871.

OPINION BY JUDGE LINDSAY:

The supplemental petition of appellant, filed on the first day of October, 1870, substantially alleges that she and her husband had lived separate and apart for five consecutive years next preceding that date without cohabitation. The last two with the intention of abandonment. To this petition appellee entered his appearance by filing an answer.

The proof conclusively establishes the five years' separation, and all the circumstances proven in the case tend to show that there had been no cohabitation between the parties during that time.

The positive refusal of appellant in 1868, when appellee was in Louisville, to permit him to hold any intercourse with her except in the presence of third parties, and then only for the purpose of allowing him to see his children, sufficiently indicates that she had then determined never to live with him again. This presumption is not rebutted by the character of the letters she subsequently wrote him. These letters refer almost exclusively to their children, and there is nothing in any of them calculated to lead to the conclusion that she was looking forward to a time when she would again go back to her husband to live. The carefully studied expressions of tenderness in these letters are only such as would naturally be used by a woman of elevated sentiments, as appellant appears to be in addressing a man whom she had once recognized as her husband and who was the father of her children.

The failure of appellee for five years to provide, or so far as the record shows to attempt to provide a home for his family, the fact that he has attempted upon but one occasion to see his wife during that time, and the utterly heartless and brutal manner in which he has conducted the defense in this case leaves no doubt upon one's mind that he has at no time since the separation contemplated in good faith the resumption of his marital relations with his wife.

We are of opinion that the proof in the record makes out a statutory ground for a divorce from the bonds of matrimony, and that the chancellor erred in not giving the *appellee* this relief. The judgment is affirmed so far as it gives to Mrs. Addison the custody of her children, but reversed in so far as it refuses to give a divorce *a vinculo matrimonii*.

The case is remanded for further proceedings consistent with this opinion.

*Fleming, for appellant.*